# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| JOHN A. CARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  25-1120 |
| v. ) | (Filed: August 25, 2025) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER OF DISMISSAL

On July 1, 2025, Plaintiff John A. Carman, appearing pro se, filed a complaint in this court. Compl., Docket No. 1. Mr. Carman seeks an estimated $30 million in damages for wrongful termination, the miscalculation of his social security benefits, the negligence of the Secretary of Treasury and Commissioner of Customs, and the alleged violations of California public policy, the Whistleblower Protection Act, the 4th, 5th, and 14th Amendments, and the "implied covenant of good faith and fair dealing inherent in Plaintiff's employment contract." Id.

It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having reviewed the complaint, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

Count Four of Mr. Carman's complaint seeks review of the Social Security Administration's decisions regarding the calculation of Mr. Carman's benefits. Compl. ¶¶ 76–79. Mr. Carman invokes 42 U.S.C. § 405(g) to establish jurisdiction. That provision, however, dictates that actions concerning the decisions of the Social Security Administration can only be brought in district court. Haque v. United States, 132 Fed. Cl. 155, 156 (2016) (citing 42 U.S.C. § 405(g)). Thus, this Court lacks jurisdiction over Count Four of the complaint.

Mr. Carman's remaining claims concern events surrounding his termination from the United States Customs Service. See Compl. ¶¶ 62–65 (Count One); id. ¶¶ 66–71 (Count Two); id. ¶¶ 72–75 (Count Three); id. ¶¶ 80–83 (Count Five, mislabeled as Count Four); id. ¶¶ 84–88 (Count Six, mislabeled as Count Five). Mr. Carman's termination, however, occurred in 1997,

more than six years ago. Id. ¶ 40. And the latest event Mr. Carman details in relation to Counts One, Two, Three, Five, or Six occurred in 2000, also more than six years ago.

"Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petitioner thereon is filed within six years after such claim first accrues." 25 U.S.C. § 2501. The limitations period is jurisdictional in nature. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006). Thus, this Court lacks jurisdiction over these claims.

Moreover, it appears that Mr. Carman has already brought suit in the United States Court of Appeals for the Federal Circuit regarding many of these same claims surrounding his termination from the Customs Service. Carman v. Dep't of Treasury, 232 F.3d 912, 2000 WL 369680 (Fed. Cir. 2000) (unpublished table decision). It also appears that Mr. Carman entered into a settlement agreement in 1998 to resolve disputes related to his removal. Id. This settlement agreement is the "final and binding resolution" of these claims, and this Court lacks jurisdiction to address them. Id. (citing Perry v. Dep't of the Army, 992 F.2d 1575, 1577 (Fed. Cir. 1993)).

Therefore, Mr. Carman's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                  s/ Elaine D. Kaplan
                                                  ELAINE D. KAPLAN
                                                  Judge